In the Matter of Cary N. STATFIELD.

No. 49S00–0309–DI–420.

Supreme Court of Indiana.

Oct. 29, 2004.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Su-

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In January of 2000, an out-of-state law firm contacted the respondent to represent its client in setting aside a default judgment taken in Indiana on August 19, 1999. The respondent received the necessary paperwork and his retainer of $1,000 by early February 2000, but thereafter failed to file a motion to set aside the judgment until January 2001. In the interim, the respondent failed to respond to the law firm's telephone calls, emails and faxes requesting a status report on the matter.

In July of 2001, the respondent finally reported that the court denied the untimely motion to set aside. The respondent advised the law firm that additional funds would be needed for a filing fee to initiate an independent action to set aside the judgment. The respondent received the additional funds in August 2001, but did not promptly file the independent action. Between October 2001 and January 2002, the respondent again failed to respond to status inquiries from the law firm. When a grievance was filed against the respondent in May 2002, the independent action still had not been filed. The respondent did refund the amount advanced for the filing fee.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters; and Prof.Cond.R. 1.4(b), which requires lawyers to explain matters to clients to the extent reasonably necessary to permit the clients to make informed decisions regarding the representation.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to all parties as directed by Admis.Disc.R. 23(3)(d), and to the hearing officer in this matter, the Hon. Jack Tandy.

SULLIVAN BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent, believing that a public reprimand is too lenient, and that a period of suspension is warranted.